The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, Arkansas 72205
Dear Senator Snyder:
This is in response to your request, on behalf of Little Rock School District Superintendent Henry P. Williams, for an opinion on several questions concerning the "Teacher Fair Dismissal Act of 1983" (codified at A.C.A. §§ 6-17-1501 to -1510) and how it relates to A.C.A. § 6-17-202, the provision of law which allows a school district to recognize an organization representing a majority of teachers in the district for purposes of negotiating salaries and other personnel policies. An initial question is posed regarding the applicability of the Fair Dismissal Act, and if it is found applicable, three additional questions are posed regarding compliance with that act. The questions, paraphrased, are as follows:
 Does the automatic contract renewal provision of the "Teacher Fair Dismissal Act of 1983" (A.C.A. § 6-17-1506) which automatically renews teacher contracts on May 1 on the same terms unless individual teachers are notified of nonrenewal by certified mail apply when school districts negotiate salaries and other matters with teachers under A.C.A. § 6-17-202, which authorizes a school district to recognize an organization representing a majority of teachers for the purposes of negotiating salaries and other matters? (In other words, does a school district have to give written notice of nonrenewal to every teacher and hold hearings as required by the Fair Dismissal Act whenever it wants to negotiate with a teachers organization for a different contract with teachers for the coming school year?)
If so:
 1. Can the legally recognized representative defined in A.C.A. § 6-17-202 and recognized by written contractual agreement be recognized as the representative of all teachers as a group for the purpose of hearings required under the Fair Dismissal Act?
 2. Can group hearings be held at the decision of the Board of Directors since all of the hearings involve the same recommendations made in the same manner for all employees who are similarly situated?
 3. Can the Board of Directors include all similarly situated employees in a group hearing even if the employees have not requested a hearing?
It is my opinion that the Teacher Fair Dismissal Act is applicable to the situation you describe. The relevant provision is A.C.A. § 6-17-1506, which provides as follows:
 (a) Every contract of employment made between a teacher and the board of directors of a school district shall be renewed in writing on the same terms and for the same salary, unless increased or decreased by law, for the next school year succeeding the date of termination fixed therein, which renewal may be made by an endorsement on the existing contract instrument, unless by May 1 of the contract year, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed or, unless during the period of the contract or within ten (10) days after the end of the school year, the teacher shall deliver or mail by registered mail to the board of directors his or her resignation as a teacher, or unless such contract is superseded by another contract between the parties.
 (b) Termination, nonrenewal, or suspension shall be only upon the recommendation of the superintendent. A notice of nonrenewal shall be mailed by registered or certified mail to the teacher at the teacher's residence address as reflected in the teacher's personnel file. The notice of recommended nonrenewal of a teacher shall include a simple but complete statement of the reasons for such recommendation.
This provision makes no exception for school districts wishing to nonrenew teacher contracts in order to negotiate new contracts. The statute provides merely that unless the notice is given by May 1, the existing contract "shall" be renewed. Thus, if a school district wishes to change the salaries, or any other terms and conditions of teacher contracts, it must give the notice required in A.C.A. § 6-17-1506 (or completely negotiate and sign new contracts before the May 1 deadline pursuant to the last phrase of A.C.A. § 6-17-1506(a)).
This being said, resolution of your remaining questions is necessary. Your first question in this regard is whether the "legally recognized representative" (which, it is my understanding, is the Little Rock Classroom Teachers Association) can be recognized as the representative of "all teachers" as a group for purposes of the hearings required by the Teacher Fair Dismissal Act. That act provides at A.C.A. § 6-17-1509 that a teacher who receives a notice of recommended termination or nonrenewal may file a written request for a hearing. In this regard the act states that "[t]he teacher and the board may be represented by representatives of their choosing. . . ." A.C.A. § 6-17-1509(c)(3). Thus, if the teacher has agreed in some fashion for the LRCTA to act as his or her representative, whether by virtue of the membership agreement or otherwise, there is no violation under the act if the LRCTA represents such teacher at the hearing. Nor, in my opinion, would there be any violation of the act if one hearing were held to hear the claims of all teachers who have agreed in some fashion to have the LRCTA represent them, assuming this is agreeable to the teachers and/or their authorized representative. In my opinion, however, the LRCTA cannot represent "all teachers as a group" if in fact some of the teachers have not appointed the LRCTA to represent them at the hearing. That is, nonmembers of the LRCTA may not have authorized it to act as their representative for purposes of the hearing required at A.C.A. § 6-17-1509. These teachers are entitled, as a matter of statute, to a hearing, and to choose their representative at such hearing. The mere fact that A.C.A. § 6-17-202
authorizes a school district to recognize an organization such as LRCTA for the purposes of negotiating salaries and other matters instead of having a "personnel policies committee," does not, in my opinion, obviate individual statutory rights granted under the Teacher Fair Dismissal Act.[1]
It is my opinion that the answer to your second question is in all likelihood "no." Section 6-17-1509 appears to accord the right to individual hearings. The section repeatedly refers to "the teacher" in the singular. Thus, in my opinion group hearings may not be held "at the decision of the Board of Directors."[2] Additionally, although it is stated that "all of the hearings [would] involve the same recommendation made in the same manner for all employees," there may be disparate issues with regard to some teachers, such as the adequacy of the notice of nonrenewal, which is required to be sent registered or certified mail to the "residence address" of the teacher. A.C.A. § 6-17-1506(b). Failure to comply strictly with this provision renders a nonrenewal void. A.C.A. §6-17-1503.
The answer to your third question is not entirely clear under current law. It would appear, however, that there would be no violation of the law if the school board decides to meet to discuss or "hear" arguments concerning the nonrenewal of teacher contracts, whether or not the individual teachers have requested a hearing, so long as the teachers or their representatives are not excluded from attending the hearing, if they should choose to do so. Such a hearing would not, however, in my opinion, be a hearing pursuant to the Teacher Fair Dismissal Act.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Opinion No. 93-117, referenced in your request, does not contradict this result. It was opined therein that the Classroom Teachers Association could waive the right to a hearing under the Teacher Fair Dismissal Act on behalf of the teachers it represented. It was not suggested therein that the CTA could waive the right to a hearing for teachers it did not represent.
[2] I assume from the wording of your question that there is no agreement on the part of the teachers or their representatives to conduct group hearings. See discussion above.